FILED
MAY 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

V.

Case: 1:07-cv-00968
Assigned To : Penn, John Garrett
Assign. Date : 5/24/2007
Description: Employment Discrimination

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC  20220

COMPLAINT
CAUSE OF ACTION

1    As plaintiff Maria V. Carmona, I claim that defendant Henry M. Paulson, Jr., Secretary of the

2    Treasury, his staff, and his predecessors and their staffs, have committed, and are being allowed

3    to commit, along with other officials of the United States government, a long-term pattern of

4    discrimination, retaliation, disparate treatment/impact, and a hostile/harassing work environment

5    against me in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended,

6    42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA),

7    as amended, 29 U.S.C. § 621 *et seq.*, based on my national origin (Hispanic); sex (female);

8    age (D.O.B. October 8, 1952); and in reprisal for engaging in prior statutorily protected activity.

9    EEOC 29 C.F.R. 1614[1] provides, in part, that:

10    (a)    It is the policy of the Government of the United States to provide equal opportunity

11           in employment for all persons, to prohibit discrimination in employment because

12           of race, color, religion, sex, national origin, age or handicap and to promote the

13           full realization of equal employment opportunity through a continuing affirmative

14           program in each agency.

15    (b)    No person shall be subject to retaliation for opposing any practice made unlawful

16           by title VII of the Civil Rights Act (title VII) (42 USC 2000e *et seq.*), the Age

17           Discrimination in Employment Act (ADEA) (29 USC 621 *et seq.*), …or for

18           participating in any stage of administrative or judicial proceedings under those

19           statutes.

20        I claim that the pattern and practice of failure by officials of the United States

21    government, to include the Defendant and his staff and the Chairs of the EEOC and their

22    staff, to comply with 29 C.F.R. 1614 and with EEO MD-110[2] during the processing of my

23    administrative complaints has violated the terms and conditions of my employment.

24        I claim that officials of the United States government have exhibited a long-term pattern and

25    practice of conspiring to oppress, threaten, and intimidate me out of my civil right to equal

26    employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy Against Rights,

27    which states:

---

[1] Equal Employment Opportunity Commission (EEOC), *Federal Sector Equal Employment Opportunity, Final Rule,* at 29 C.F.R. 1614.
[2] EEOC, *Equal Employment Opportunity Management Directive,* EEO MD-110.

28  If two or more persons conspire to injure, oppress, threaten, or intimidate any
29  person in any State, Territory, or Commonwealth, Possession, or District in the
30  free exercise or enjoyment of any right or privilege secured to him by the Constitution
31  or laws of the United States, or because of his having so exercised the same....
32  They shall be fined under this title or imprisoned not more than ten years, or both....
33  I claim that officials of the United States government have exhibited a long-term pattern and
34  practice of conspiring to oppress, threaten, and intimidate me out of my civil right to equal
35  employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy Against Rights.

## STATEMENT OF THE CASE

36  As plaintiff Maria V. Carmona, I first wish to state that I am not an attorney, that I am
37  proceeding *pro se*, and that I have never been represented by an attorney in any of my nineteen
38  administrative processes or six legal actions that I have been forced to file to date against the
39  Defendant. The basis of jurisdiction for the court is U.S. Government Defendant, as noted on
40  Form JS 44, Civil Cover Sheet.
41  I am a United States citizen, a Hispanic White Female, Age 54, GS-511-14, who has
42  twenty-three years of consistently highly-rated service with the Treasury Office of Inspector
43  General (OIG). I am in my thirty-first year of federal service.
44  I first joined the Treasury OIG as a Grade 7 auditor (GS-511-07) during March 1983,
45  following attending classes at night and on weekends for several years to obtain a second
46  bachelors degree, this time in business with a major in accounting, and shortly after becoming
47  a Certified Public Accountant (CPA). Prior to joining Treasury OIG in 1983, I had risen to the
48  Grade 10 in my federal career.

49    Despite my proven leadership skills, my consistently highly-rated performance appraisals,
50    to include in the management category, my qualifications, and my proven extensive and
51    varied technical and managerial experience with Treasury and its Bureaus beginning in 1983,
52    I have not been permanently promoted beyond the Grade 14.

53    Since December 1995 I have been forced to file nineteen formal administrative equal
54    employment opportunity (EEO) complaints against Defendant, i.e., the Secretary of the Treasury,
55    currently Henry M. Paulson, Jr. This is the fifth civil action[3] I have been forced to file to date
56    against Defendant.

57    The instant case addresses those separate and distinct claims, issues, and matters that
58    I raised in my eleventh formal EEO complaint against the Secretary of the Treasury, as filed
59    on February 5, 1999.[4]

60    EEOC Office of Federal Operations Director Carlton M. Hadden, issued a decision on
61    February 23, 2007, P.Ex.[5] A, denying my request for reconsideration and informing me that
62    I have no further right to administrative appeal and that I have the right to file a civil action.[6]

---

[3] 01cv0115 (CKK), 04cv0589 (JGP), 05cv1194 (JGP), 05cv2428 (JGP), and the instant case. I am also filing a second civil action on this same date, i.e., my sixth civil action, regarding formal administrative EEO complaint TD-96-1069, which was filed on December 14, 1995, because the EEOC issued two final decisions at nearly the same time. I wish to note in these regards that it took the EEOC more than eight years from the date of filing to issue a final decision in the instant case, and more than eleven years from the date of filing to issue a final decision in TD-96-1069, my first formal EEO complaint, which I filed during the twentieth year of my federal career.

[4] I wish to note that it has taken more than eight years since the filing of the subject formal EEO complaint, TD-99-1119, to complete the administrative processing of my complaint by Treasury and for the EEOC to give me my final notice of no further appeal rights and my right to file a civil action.

[5] P.Ex. designates Plaintiff Exhibits.

[6] I wish to note that Director Hadden states in his denial that *the agency did not file a response* (P.Ex. A, Pg. 2, end of first paragraph, EEOC denial on Request No. 0520061100). This simply constitutes more evidence of conspiracy by officials at the EEOC in deciding in favor of Defendant even when Defendant offers no response in reply to my position. As another example, in 01cv0115 (CKK), Defendant had filed no response to certain of my administrative appeals to the EEOC of Treasury final agency decisions (FADs), which meant my appeals should have simply been upheld by the EEOC, yet the EEOC found for Defendant each time. The environment clearly shows that it has been futile and is futile for me to engage the administrative EEO process.

63   The main triggering event in the instant case is a failure to promote action to the position
64   of Deputy Assistant Inspector General (DAIG) for Program Audit, ES-511, under Vacancy
65   Announcement OIG-98-022. Marla Freedman, current Assistant Inspector General for Audit,
66   was selected for this position.[7] Other claims, issues, and matters raised in my subject
67   administrative EEO complaint include the circumstances surrounding the dissolution of
68   two separate offices to which I was assigned, resulting in my being reassigned three times in
69   less than one year. This continued a pattern of reassignments that began during July 1995.
70   The constant shift in responsibility, in reporting structure, in physical location, and in working
71   groups and working conditions all resulted in a very hostile/harassing work environment and
72   one filled with uncertainty.[8]

73   I claim under Title VII that I am a member of a class protected by the statute, i.e., national
74   origin (Hispanic); that I suffered an adverse employment action, i.e., failure to promote;
75   [and] I was qualified for the position at issue [but] ... treated less favorably than others not
76   in the protected class, i.e., a candidate was selected, Freedman, who is not a member of my
77   protected class.[9]

---

[7] I wish to note that Freedman has been the selecting official for several other failure to promote actions taken against me since the announcement of her selection to the subject DAIG position and following her subsequent promotion to Assistant Inspector General for Audit, ref. 05cv1194 (JGP), and that Freedman and other Defendant witnesses have committed perjury, ref. 04cv0589 (JGP) [#16, P.Ex. D, and supporting documentary evidence in P.Ex. D-1 through D-16], 05cv1194 (JGP) [#25], and 05cv2428 (JGP) [#9].

[8] Based on threatening and hostile comments made to me in 1995 by Richard Callahan, DAIG for Audit at the time, following the dissolution of my office at that time, a dissolution separate from those raised in the instant EEO complaint, I was afraid that I may lose my federal employment after nearly twenty years of federal service.

[9] In regards to disparate treatment/impact, Defendant has stipulated that he has never permanently promoted a Hispanic female in my career field beyond the Grade 14 within the Treasury OIG. Ref: 05cv1194 (JGP), *Answer* [#4], Pg. 5, Lines 106 to 109. I first joined the Treasury OIG during 1983.

78   I claim that I have succeeded in establishing a *prima facie* case under Title VII in accordance

79   with the framework for analyzing Title VII claims established by the Supreme Court in

80   *McDonnell Douglas Corp. v. Green* with regards to Vacancy Announcement OIG-98-022.

81   In 1989 I conducted a study at the request of my SES manager at the time, Jay Weinstein,[10]

82   which turned out to be critical of Treasury OIG's recruitment, retention, and advancement of

83   minority staff; also I had previously provided affidavits in EEO matters and spoken out for the

84   rights of all Treasury OIG employees; and I had previously been forced to file ten formal

85   administrative EEO complaints.

86   I claim that I have succeeded in establishing a *prima facie* case under Title VII with regards

87   to retaliation for engaging in statutorily protected activities.

88   Freedman is more than ten years younger than I am and was under forty years of age at the

89   time of her selection to the DAIG position in 1998; I was over forty years of age at the time.

90   I claim that I have succeeded in establishing a *prima facie* case under ADEA.

91   I claim that officials of the United States government:

92   1) were and are fully aware of my Hispanic national origin, my sex, and my age, as these

93   material facts have been a part of my official federal personnel records since 1976;

94   2) were and are fully aware of my qualifications for promotion, as is clearly evidenced

95   in my consistently highly-rated performance appraisals, to include consistently high

96   ratings in the management category, over my twenty-three year career with the

---

[10] I wish to note that it was Weinstein who used pretext and purposefully misrepresented my official Treasury OIG performance appraisals and positive written statements from my management regarding my work performance and working relationships, and did so specifically to justify denying me a merited promotion to the Grade 15 within the Treasury OIG in 1991.

97    Treasury OIG; were and are fully aware that I had engaged in statutorily protected
98    activities;
99  3) were and are fully aware of highly-specific, relevant, and pertinent material factual
100   evidence that I have placed on the administrative records in each of my nineteen formal
101   EEO complaints in support of the claims, issues, and matters that I raise; and
102 4) were and are fully aware of highly-specific, relevant, and pertinent material factual
103   evidence that I have placed on the records in each of my civil actions in support of the
104   claims, issues, and matters that I raise.

## RELIEF REQUESTED

105   I am demanding a jury trial. I am requesting an award of damages in the amount of
106   $120,000,000.

Respectfully Submitted,

_Maria V Carmona_
Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Maria V. Carmona,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Request No. 0520061100[1]

Appeal No. 01A61896

Agency No. 99-1119

DENIAL

Complainant timely requested reconsideration of the decision in *Maria V. Carmona v. Department of the Treasury*, EEOC Appeal No. 01A61896 (August 22, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

In the underlying complaint, complainant contended that she was subjected to unlawful employment discrimination on the bases of national origin (Hispanic), sex (female), age (DOB: 10/08/52), and in reprisal for prior EEO activity in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, when, on or about October 21, 1998, she was not selected for the position of Deputy Assistant Inspector General for Program Audit, ES-511, under Vacancy Announcement Number OIG-98-022.

---

[1] Due to a new data system, your case has been redesignated with the above referenced request number.

Plaintiff Exhibit A Upon Initial Filing

2                                                                  0520061100

On December 1, 2005, the agency issued a final decision finding no discrimination/retaliation. Our prior appellate decision affirmed this finding. In her request, complainant contends, among other things, that the agency has never permanently promoted a qualified Hispanic female in the 511 series beyond the GS-14 level. In addition, complainant contends that she was subjected to discrimination/retaliation as alleged. The agency did not file a response.

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. In reaching this conclusion, we note that complainant fails to demonstrate that our prior decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices or operations of the Commission. The decision in EEOC Appeal No. 01A61896 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

3                                                                         0520061100

time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 3 2007

Date

4                                                                   0520061100

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Maria V. Carmona
P.O. Box 454
Fulton, MD  20759

J. Steven Elbell
P.O. Box 454
Fulton, MD  20759

Mariam G. Harvey, Director, EO Programs
Office of Equal Opportunity & Diversity Division
Department of the Treasury
1750 Pennsylvania Avenue, NW  Rm: 8157D
Washington, DC  20220


FEB 2 3 2007
Date


Equal Opportunity Assistant

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

07-0968
H JGP

## I (a) PLAINTIFFS

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

## DEFENDANTS

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania, N.W.
Washington, DC 20220

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Maria V. Carmona, Pro Se
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

Case: 1:07-cv-00968
Assigned To : Penn, John Garrett
Assign. Date : 5/24/2007
Description: Employment Discrimination

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY!) (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ● H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violations of Title VII of the Civil Rights Act of 1964, as amended, Age Discrimination in Employment Act (ADEA) of 1967, and 18 USC 241

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 120,000,000   Select YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

DATE May 24, 2007   SIGNATURE OF ATTORNEY OF RECORD Maria V Carmona, pro se

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

JTC

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.