**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

`

| | |
|---|---|
| **MARIA V. CARMONA,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-968(JR)** |
| | ) |
| **JOHN W. SNOW, Secretary of the Treasury,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**DEFENDANT'S STATUS REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3, the parties have a duty to confer prior to the status hearing.  The

parties have not had any discussions relating to this case because Plaintiff has not contacted

undersigned counsel or responded to undersigned counsel's attempt to contact Defendant.[1]

Therefore, Defendant files with this Court, a status report setting forth its positions on the matters

set forth in the rule.

1.    <u>Amendment to Pleadings</u>:  Defendant does not anticipate that it will be necessary to

amend the pleadings.  Defendant does not anticipate that it will be necessary to join third

---

[1]    The following is Defendant's attempt to confer with Plaintiff.  On October
24, 2007, the undersigned counsel sent a letter via first class and Federal Express
(overnight status) to Plaintiff.  (See Exhibit 1).  The letter requested that Plaintiff contact
the undersigned counsel to confer about the joint status report before the hearing.  A draft
joint status report was also attached to the letter.   The  letter  provided Plaintiff with the
undersigned counsel's e-mail address, telephone number and office address.

As of Tuesday, November 13, 2007, Defendant has not received any contact from
Plaintiff.

parties.

2.    <u>Assignment to Magistrate Judge</u>: Defendant opposes referral of this case to a Magistrate Judge.

3.    <u>Settlement Possibility</u>:  Defendant believes that settlement discussions might be warranted, but only if the case remains pending after the Court has decided all pre-discovery and post-discovery dispositive motions.

4.    <u>Alternative Dispute Resolution</u>: Defendant believes that alternative dispute resolution may be appropriate, but only if the case remains pending after the Court has decided post-discovery dispositive motions.

5.    <u>Dispositive Motions/Discovery Time frame</u>:  Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule 12(c) or/and 56 of the Federal Rules of Civil Procedure by January 31, 2007.

Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed within sixty (60) days after the close of discovery, that any opposition to such motion should be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition memorandum.

6.    <u>Initial Disclosures</u>: Defendant requests  that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 60 days of the initial scheduling conference.

7.    <u>Discovery</u>: Defendant proposes that discovery be completed within 90 days from the date that the Court issues its decision on Defendant's pre-discovery dispositive motion, and that discovery be stayed pending such decision.  Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia.  Specifically, Defendant

believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

8.    Experts: Defendant does not know whether expert witnesses may be necessary at this time.  Defendant proposes that any experts be designated no later than twenty (20) days after the commencement of discovery, and that any rebuttal experts be designated no later than fifteen (15) days thereafter.  Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

9.    Bifurcation of Discovery or Trial: Defendant does not see a need for bifurcation at this time.

10.    Proposed Date for The Pretrial Conference:  Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive motion.

11.    Trial Date: Defendant believes that the Court should schedule a trial date at the pretrial conference.

Dated: November 13, 2007

Respectfully Submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE D.C. BAR # 960245
Assistant United States Attorney

CERTIFICATE OF SERVICE


I HEREBY CERTIFY that service of the foregoing <u>Defendant Status Report  Report Pursuant</u>

<u>to Local Rule 16.3</u> was made by overnight <u>and</u> first class, postage prepaid mail, this 13th day of

November to:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723


/s/_____
Blanche L. Bruce
Assistant United States Attorney
U.S. Attorney's Office for
        the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
(O)  (202) 307-6078

EXHIBIT 1



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

October 24, 2007

**via first class postage and Federal Express**

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

Re:    Carmona v. Paulson
<u>07-cv-968</u>

Dear Ms. Carmona:

     As you know, Judge Robertson has scheduled an initial scheduling conference for the parties on November 16, 2007 at 10:30 a.m.  In anticipation of the conference, I have attached a draft joint status report which sets forth Defendant's position.  Please provide me with Plaintiff's position for the joint status report.  You may contact me by telephone at (202) 307-6078; by e-mail at Blanche.Bruce @USDOJ.gov; or by mail at the above address.  Once I have received your position, I will incorporate the information into a joint status report.  Please provide the information to me no later than October 31, 2007.

Sincerely,
Jeffrey A. Taylor
United States Attorney

Rudolph Contreras
Assistant United States Attorney

By:    /s/_____
Blanche L. Bruce
Assistant United States Attorney

Attachment

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# Draft

| | | |
|---|---|---|
| MARIA V. CARMONA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-968(JR) |
| | ) | |
| JOHN W. SNOW, Secretary of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### [JOINT] REPORT PURSUANT TO LOCAL RULE 16.3

The parties present this joint status report required by Local Rule 16.3.

1.    Amendment to Pleadings: Plaintiff [does or does not] anticipate it will be necessary to amend the pleading.  Defendant does not anticipate that it will be necessary to amend the pleadings.  Plaintiff [does or does not] anticipate that it will be necessary to join third parties.  Defendant does not anticipate that it will be necessary to join third parties.

2.    Assignment to Magistrate Judge: Plaintiff . . .

Defendant opposes referral of this case to a Magistrate Judge.

3.    Settlement Possibility: The Parties have not discussed settlement.  Plaintiff believes that ...

Defendant believes that settlement discussions might be warranted after the Court has

1

decided the dispositive motions.

      4.    <u>Alternative Dispute Resolution</u>: Plaintiff believes that . ..

Defendant believes that alternative dispute resolution may be appropriate after disposition

on post-discovery dispositive motions.

      5.    <u>Dispositive Motions/Discovery Time frame</u>:

    Plaintiff anticipates. . . .

    Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule

12(b)(6) or/and 56 of the Federal Rules of Civil Procedure by December 31, 2007.

Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed

within sixty (60) days after the close of discovery, that any opposition to such motion should

be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief,

should it be necessary, should be filed within fifteen (15) days of the filing of the opposition

memorandum.

      6.    <u>Initial Disclosures</u>: Plaintiff proposes that . . .

Defendant requests that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1)

within 60 days of the initial scheduling conference.

      7.    <u>Discovery</u>: Plaintiff proposes that . . . .

Defendant proposes that discovery be completed within 90 days from the date that the Court

issues its decision on Defendant's pre-discovery dispositive motion. Defendant believes that

discovery matters, including limitations placed on discovery, should be governed by the

2

Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, Defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

8.    <u>Experts</u>: Plaintiff . . .

Defendant does not know whether expert witnesses may be necessary at this time. Defendant proposes that any experts be designated no later than twenty (20) days after the commencement of discovery, and that any rebuttal experts be designated no later than fifteen (15) days thereafter. Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

9.    <u>Bifurcation of Discovery or Trial</u>: Plaintiff . . . .

Defendant does not see a need for bifurcation at this time.

10.    <u>Proposed Date for The Pretrial Conference</u>: Plaintiff requests that . . .

Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive motion.

11.    <u>Trial Date</u>: Plaintiff requests that . . .

Defendant believes that the Court should schedule a trial date at the pretrial conference.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

3

_____
BLANCHE L. BRUCE D.C. BAR # 960245
Assistant United States Attorney
U.S. Attorney's Office for
the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
(O)  (202) 307-6078

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing **draft** <u>Report Pursuant to Local</u>

<u>Rule 16.3</u> was made by overnight <u>and</u> first class, postage prepaid mail, this <u>24th</u> day of

October 2007 to:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

_____
_____
Blanche L. Bruce
Assistant United States Attorney