UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

V.                                CIVIL ACTION NO. 07cv0968(JR)

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220

PLAINTIFF'S REPORT PURSUANT TO LOCAL RULE 16.3

Plaintiff submits this report in accordance with LcvR 16.3. Plaintiff reminds the court that she is not an attorney and is proceeding *pro se*. Plaintiff received the attached, P.Ex. A., from Blanche L. Bruce, Assistant United States Attorney, and includes it as defendant's position(s) under LcvR 16.3. Following are Plaintiff's positions.

1. Dispositive Motion: Based on his and other officials of the United States government unworthy acts in Plaintiff's cases, for example, pretext, perjury, conspiracy, willful withholding of relevant and material evidence, and given clear and indisputable evidence of a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment committed against Plaintiff, defendant does not merit any consideration for the filing of dispositive motions without trial in any of Plaintiff's cases.

2. Amendment to Pleadings: At this time, Plaintiff does not anticipate amending her pleadings.

3. Assignment to Magistrate Judge: Plaintiff opposes referral of this case to a magistrate judge.

4. Settlement Possibility: Given Item 1. above, Plaintiff does not believe that there is a realistic possibility of settlement in any of her cases without trial(s).

5. Alternative Dispute Resolution: Plaintiff does not believe that alternative dispute resolution is a viable option.

6. Summary Judgment/Motion to Dismiss: Given Item 1. above, defendant did not and does not merit any consideration for summary judgment or dispositive motions without trial in any of Plaintiff's cases. At this time, Plaintiff does not anticipate filing a dispositive motion.

7. Initial Disclosures: Evidence clearly and indisputably shows that defendant has exhibited a pattern and practice of failing to reasonably respond to initial disclosures in Plaintiff's cases, acts which unreasonably forced Plaintiff to use her formal discovery requests, in those cases where discovery was granted, in an attempt to obtain reasonable relevant and material evidence from defendant. See Item 8.

8. Discovery: Given discovery was not granted in 01cv0115(CKK); defendant failed to provide reasonable relevant and material evidence to Plaintiff during Initial Disclosures; defendant was non-responsive to Plaintiff's discovery requests in Plaintiff's cases where discovery was granted; and the courts denied Plaintiff's motion to compel, Plaintiff has been unfairly denied relevant and material evidence under the control of the defendant and, as such, Plaintiff has been denied a fair opportunity to fully present and prosecute her cases.

9. Experts: Plaintiff is willing to stipulate to dispensing of Expert witnesses.

10. Bifurcation of Discovery or Trial: Plaintiff does not see any need for bifurcation.

11. Proposed Date For Pretrial Conference: Plaintiff respectfully requests the court hold a pretrial conference at the court's earliest convenience. Plaintiff notes that the court has scheduled an Initial Scheduling Conference in the instant case for November 16, 2007.

12: Trial Date: Given that evidence clearly and indisputably shows that defendant and other officials of the United States government have exhibited no real intention of providing Plaintiff her legal right to equal employment opportunity or of providing Plaintiff her legal right to pursue her claims in a fair, objective, and reasonable environment in accordance and compliance with the laws, rules, and regulations governing equal employment opportunity, Plaintiff respectfully requests a trial date be set at the court's earliest convenience. Plaintiff wishes to have someone other than an official of the United States government decide on the merits of all of the evidence that is relevant and material to her claims.

Respectfully Submitted,

_____
Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 24, 2007

**via first class postage and Federal Express**

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

        Re:    Carmona v. Paulson
               <u>07-cv-968</u>

Dear Ms. Carmona:

      As you know, Judge Robertson has scheduled an initial scheduling conference for the parties on November 16, 2007 at 10:30 a.m. In anticipation of the conference, I have attached a draft joint status report which sets forth Defendant's position. Please provide me with Plaintiff's position for the joint status report. You may contact me by telephone at (202) 307-6078; by e-mail at Blanche.Bruce @USDOJ.gov; or by mail at the above address. Once I have received your position, I will incorporate the information into a joint status report. Please provide the information to me no later than October 31, 2007.

                                  Sincerely,
                                  Jeffrey A. Taylor
                                  United States Attorney

                                  Rudolph Contreras
                                  Assistant United States Attorney

                    By:   */s/ Blanche L. Bruce*
                                  Blanche L. Bruce
                                  Assistant United States Attorney

Attachment

**Plaintiff Exhibit A**
07CV0968(JR)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

# Draft

MARIA V. CARMONA,            )
                             )
    Plaintiff                )
                             )
    v.                       )    Civil Action No. 07-698(JR)
                             )
JOHN W. SNOW, Secretary of the Treasury, )
                             )
    Defendant.               )
                             )

## [JOINT] REPORT PURSUANT TO LOCAL RULE 16.3

The parties present this joint status report required by Local Rule 16.3.

1. <u>Amendment to Pleadings</u>: Plaintiff [does or does not] anticipate it will be necessary to amend the pleading. Defendant does not anticipate that it will be necessary to amend the pleadings. Plaintiff [does or does not] anticipate that it will be necessary to join third parties. Defendant does not anticipate that it will be necessary to join third parties.

2. <u>Assignment to Magistrate Judge</u>: Plaintiff . . .

Defendant opposes referral of this case to a Magistrate Judge.

3. <u>Settlement Possibility</u>: The Parties have not discussed settlement. Plaintiff believes that ...

Defendant believes that settlement discussions might be warranted after the Court has

1

decided the dispositive motions.

4. <u>Alternative Dispute Resolution</u>: Plaintiff believes that . . ..

Defendant believes that alternative dispute resolution may be appropriate after disposition on post-discovery dispositive motions.

5. <u>Dispositive Motions/Discovery Time frame</u>:

Plaintiff anticipates. . . .

Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule 12(b)(6) or/and 56 of the Federal Rules of Civil Procedure by December 31, 2007. Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed within sixty (60) days after the close of discovery, that any opposition to such motion should be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition memorandum.

6. <u>Initial Disclosures</u>: Plaintiff proposes that . . .

Defendant requests that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 60 days of the initial scheduling conference.

7. <u>Discovery</u>: Plaintiff proposes that . . . .

Defendant proposes that discovery be completed within 90 days from the date that the Court issues its decision on Defendant's pre-discovery dispositive motion. Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the

2

Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, Defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

8. <u>Experts</u>: Plaintiff . . .

Defendant does not know whether expert witnesses may be necessary at this time. Defendant proposes that any experts be designated no later than twenty (20) days after the commencement of discovery, and that any rebuttal experts be designated no later than fifteen (15) days thereafter. Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

9. <u>Bifurcation of Discovery or Trial</u>: Plaintiff . . . .

Defendant does not see a need for bifurcation at this time.

10. <u>Proposed Date for The Pretrial Conference</u>: Plaintiff requests that . . .

Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive motion.

11. <u>Trial Date</u>: Plaintiff requests that . . .

Defendant believes that the Court should schedule a trial date at the pretrial conference.

                         Respectfully Submitted,

                         _____
                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                         United States Attorney

                         _____
                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                         Assistant United States Attorney

                              BLANCHE L. BRUCE D.C. BAR # 960245
                              Assistant United States Attorney
                              U.S. Attorney's Office for
                              the District of Columbia
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              (O) (202) 307-6078

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **draft** <u>Report Pursuant to Local Rule 16.3</u> was made by overnight <u>and</u> first class, postage prepaid mail, this <u>24th</u> day of October 2007 to:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

                                            Blanche L. Bruce
                                            Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing

PLAINTIFF'S REPORT PURSUANT TO LOCAL RULE 16.3

was sent first class mail

this 13th day of November 2007 to:

Blanche L. Bruce
D.C. Bar No. 960245
Assistant United States Attorney
555 Fourth St., NW
Washington, DC  20530

_____
J. Steven Elbell
8306 Haven Hill Court
Laurel, Maryland  20723
(301) 490-4328