## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA V. CARMONA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. A. No. 07-969 (JR)** |
| ) | **(Consolidated with Civ. A. No. 07-968)** |
| ) | |
| **HENRY M. PAULSON, JR.,** ) | |
| **SECRETARY OF THE TREASURY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ANSWER

Defendant hereby answers the complaint of pro se plaintiff Maria V. Carmona as follows:[1]

Lines 1-8.  Defendant denies the allegations in lines 1-8 of the complaint, except that defendant admits plaintiff is asserting claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").  Defendant further admits that plaintiff was born on October 8, 1952.

Lines 9-19 (including Fn. 1).  These lines purport to quote 29 C.F.R. § 1614.  No response is necessary to these lines.

Lines 20-23 (including Fn. 2).  Defendant denies the allegations in Lines 20-23.

Lines 24-27.  Defendant denies the allegations in Lines 24-27.

Lines 28-32.  This is an excerpt from 18 U.S.C. § 241.  No response to these lines is necessary.

---

[1] Plaintiff's complaint does not contain numbered paragraphs.  However, the lines in the complaint are numbered.  In answering the complaint, defendant has, where appropriate, grouped lines of the complaint together.

Lines 33-35.  Defendant denies the allegations in Lines 33-35.

Lines 36-40.  Defendant denies that plaintiff has been "forced" to file nineteen administrative complaints or six lawsuits against the Department of Treasury.  Defendant admits that plaintiff has not been represented by counsel in any of those proceedings and that she is proceeding pro se in this matter.

Lines 41-43.  Defendant admits that plaintiff is a United States citizen, a Hispanic White Female, and a GS-511-14.  Defendant lacks sufficient information to admit or deny whether plaintiff has thirty-one years of "consistently highly-rated service" with the Treasury Office of Inspector General.

Lines 44-47.  Defendant admits that plaintiff joined the Office of Inspector General in March 1983 as a GS-7.  Defendant further avers that plaintiff's application for employment reflects that she has a second bachelor's degree and that she has a Certified Public Accountant certification.  Defendant lacks sufficient information to admit or deny whether plaintiff attended classes on nights and on weekends to obtain a second bachelor's degree.

Lines 47-48.  Defendant admits that plaintiff's OPF reflects that, prior to joining the Office of Inspector General in 1983, she had reached the GS-10 level.

Lines 49-52.  Defendant denies the allegations in Lines 49-52, except that Defendant admits plaintiff has not been permanently promoted beyond the GS-14 level.

Lines 53-55.  Defendant denies the allegations in Lines 53-55.

Lines 55-56 (including Fn. 3).  Defendant admits that plaintiff has filed six civil actions against the Department of Treasury, but denies that plaintiff was "forced" to do so.

Lines 57-59 (including Fn 4).  Defendant admits that plaintiff's complaint addresses the

issues that the Department of Treasury investigated in TD 96-1069. Defendant further admits that eleven years has passed since plaintiff's formal complaint of discrimination was filed.

Lines 60-62 (including Fn. 5, 6). Defendant admits the allegations in Lines 60-62 and footnote 5, but denies the allegations in footnote 6.

Lines 63-66 (including Fn. 7). Defendant admits that plaintiff was reassigned in July 1995, but denies that plaintiff was forced to work below grade level. Defendant denies the remaining allegations in Lines 63-66.

Lines 67-70. Defendant denies the allegations in Lines 67-70.

Lines 71-73. Defendant denies the allegations in Lines 71-73, except that Defendant admits plaintiff was not promoted to the position of Director of Audit Program Group in 1991. Defendant further avers that in November 1991 a Caucasian male was selected for this position.

Lines 74-78. Defendant denies the allegations in Lines 74-78, except Defendant admits that non-minority males who were GS-15s and older than plaintiff were transferred to other GS-15 positions within the Office of Inspector General.

Lines 79-84. Defendant denies the allegations in Lines 79-84, except that Defendant admits that non-Hispanic females who were GS-15s and older than plaintiff were transferred into different GS-15 positions.

Lines 85-92. Defendant lacks sufficient information to admit or deny the allegations in Lines 85-92.

Lines 93-97. Defendant admits that plaintiff (as well as other members of her group) did not receive the Secretary's Special Award, but Defendant denies that plaintiff was told that she would receive the award.

3

Lines 98-102.  Defendant admits that plaintiff was not selected for a position on a newly-formed Evaluations and Inspections Team.

Lines 103-107.  Defendant admits that plaintiff was not invited to the management conference, but denies that there were work-related reasons for her attendance at the conference. Defendant also denies that plaintiff was the only female GS-14 who was not invited to the conference.

Lines 108-112 (including Fn 8).  Defendant admits that plaintiff alleges the Department of Treasury has discriminated against her, but denies that any such discrimination occurred.

Lines 113-115 (including Fn. 9).  Defendant denies the allegations in Lines 113-115.

Lines 116-119 (including Fn. 10).  Defendant lacks sufficient information to admit or deny the allegations in Lines 116-119, except that Defendant admits plaintiff had participated in the EEO process prior to 1995.

Lines 120-121.  Defendant denies the allegations in Lines 120-121.

Lines 122-125.  Defendant denies the allegations in Lines 122-125, except Defendant admits that plaintiff's supervisor was younger than her.

Line 126.  Defendant denies the allegations in Line 126.

Lines 127-129.  Defendant admits that some officials at the Office of Inspector General knew plaintiff's national origin and age, but Defendant denies that all such officials knew this information.

Lines 130-133.  Defendant lacks sufficient information to admit or deny the allegations in Lines 130-133.

Line 134.  Defendant denies the allegations in Line 134.

4

Lines 135-137.  Defendant denies the allegations in Lines 135-137.

Lines 138-140.  Defendant denies the allegations in Lines 138-140.

Lines 141-142.  These lines set forth plaintiff's prayer for relief.  No response is required to these lines, except that defendant denies plaintiff is entitled to a jury trial on her ADEA claims.  Any relief under Title VII would also be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## FIRST DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## SECOND DEFENSE

Plaintiff's claims are time barred.

## THIRD DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

Having fully answered the complaint, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

5

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-5319

<u>**CERTIFICATE OF SERVICE**</u>

_____I hereby certify that on March 3, 2008 I served plaintiff with Defendant's Answer by

mailing it to the following address:

      Maria V. Carmona
      8306 Haven Hill Court
      Laurel, MD 20723

                 /s/ Harry B. Roback_____
                 Harry B. Roback