UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA V. CARMONA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**HENRY M. PAULSON, JR.,** )<br>**SECRETARY OF THE TREASURY,** )<br>)<br>**Defendant.** )<br>) | Civ. A. No. 07-968 (JR)<br>Civ. A. No. 07-969 (JR) |

**RULE 16.3 REPORT OF THE DEFENDANT**

Counsel for the defendant in the above-captioned matter submits this report pursuant to Local Rule 16.3.  Counsel for the defendant attempted to confer with plaintiff, who is proceeding *pro se*, by calling her on March 13, 14, and 18, but was unable to do so.  In these cases, the plaintiff alleges that the Department of Treasury discriminated against her based on her age, gender, and national origin.  The Department of Treasury denies any wrongdoing in this matter, and believes that is has treated plaintiff fairly.

1. <u>Status of Dispositive Motions</u>: There is no pending dispositive motion.  Defendant believes that this case will be properly resolved by a motion for summary judgment.

2. <u>Amended Pleadings</u>: Defendant does not anticipate that it will be necessary to join third parties or amend the pleadings.

3. <u>Assignment to Magistrate Judge</u>: Defendant does not agree to the assignment of this case to a Magistrate Judge.

4. <u>Settlement Possibility</u>: Defendant does not believe that there is a realistic possibility of settlement prior to the resolution of dispositive motions.

5. <u>Alternative Dispute Resolution</u>: Defendant does not believe that this case would benefit from ADR at the present time.

6. <u>Dispositive Motions</u>: Defendant believes that this case will be properly resolved by a motion for summary judgment.

7. <u>Initial Disclosures</u>: Defendant proposes that initial disclosures be waived in this case.

8. <u>Discovery</u>: Defendant believes that discovery can be completed by September 30, 2008. Defendant suggests that dispositive motions be due by November 14, 2008.

9. <u>Experts</u>: Defendant does not believe that the requirements of Federal Rule of Civil Procedure 26(a)(2) should be modified except as follows: disclosures of plaintiff's expert, if any, shall be made 90 days from the entry of a scheduling order. Defendant's expert disclosure shall be made within 45 days thereafter.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: Defendant does not anticipate the need for bifurcation.

12. <u>Proposed Date For The Pretrial Conference</u>: Defendant does not believe that a pretrial conference should be scheduled until the Court has decided all dispositive motions.

13. <u>Trial Date</u>: Defendant believes that, if necessary, a trial date should be set at the pretrial conference.

14. Defendant is not aware of any additional matters that require inclusion in the scheduling order.

        Respectfully submitted,

        JEFFREY A. TAYLOR , D.C. Bar # 498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        /s/ Harry B. Roback
        HARRY B. ROBACK, D.C. Bar # 485145
        Assistant United States Attorney
        United States Attorneys Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 616-5309

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2008, I served plaintiff with Defendant's Rule 16.3 Report by mailing it to the following address:

Maria V. Carmona
8306 Haven Hill Court
Laurel, MD 20723

        /s/ Harry B. Roback_____
        Harry B. Roback