UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA V. CARMONA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 07-968 (JR) |
| | ) Civ. A. No. 07-969 (JR) |
| | ) |
| **HENRY M. PAULSON, JR.,** | ) |
| **SECRETARY OF THE TREASURY,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37, the Court should order *pro se* plaintiff Maria Carmona to respond to the written discovery requests that the defendant served on her more than six weeks ago. Plaintiff has not only ignored these discovery requests, she has failed to respond to voice messages left by counsel for the defendant – including to determine whether she consents to this motion – and a letter sent by defense counsel to try to resolve this discovery dispute without Court intervention. There is no excuse for Ms. Carmona's failure to comply with her discovery obligations or her obligations to confer with opposing counsel on discovery and other matters. The defendant respectfully requests that this Court order her to respond to its written discovery requests within five days. The Court should further inform Ms. Carmona that her continued failure to do so may result in the above-captioned civil actions being dismissed.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122

Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-5309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA V. CARMONA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civ. A. No. 07-968 (JR) |
| | )  Civ. A. No. 07-969 (JR) |
| | ) |
| **HENRY M. PAULSON, JR.,** | ) |
| **SECRETARY OF THE TREASURY,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

The Court should order plaintiff Maria Carmona to respond to the written discovery requests that the defendant served on her more than six weeks ago. On July 1, 2008, the defendant served Ms. Carmona with its first set of interrogatories and first set of document requests. *See* Def.'s Ex. 1. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Ms. Carmona had thirty days to respond to these discovery requests plus an additional three days because the requests were sent by mail. *See* Fed. R. Civ. P. 6(d). This means that Ms. Carmona should have responded to the defendant's written discovery requests by no later than August 4, 2008. However, Ms. Carmona did not respond to any of the discovery requests by August 4, and she still has not done so. Ms. Carmona did not seek an extension of time to respond to the defendant's discovery requests; she simply ignored them.

On August 7 and 8, 2008, counsel for the defendant called Ms. Carmona to determine whether she intended to comply with her obligations under the Federal Rules of Civil Procedure by responding to the defendant's discovery requests. She did not return the voice messages left by defense counsel. Accordingly, on August 8, 2008, the defendant sent Ms. Carmona a letter in

which it asked her to respond to the discovery requests or, at a minimum, to call its counsel so that they could discuss a time for her to respond to the discovery requests. *See* Def.'s Ex. 2. The letter informed Ms. Carmona that the defendant would seek relief from the Court if she did not respond by August 14, 2008. *Id.*

To date, Ms. Carmona has not responded to the defendant's discovery requests. Nor has she responded to defense counsel's telephone calls or its letter. Pursuant to Federal Rule of Civil Procedure 37(a), this Court should order her to respond to the defendant's first set of document requests and interrogatories within five days. The Court should further inform Ms. Carmona that her continued failure to do so may result in the dismissal of the above-captioned cases.[1]

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-5309

---

[1] On July 14, 2008, the defendant sent Ms. Carmona a second copy of the discovery requests at another address. However, Ms. Carmona did not respond to this copy either.

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2008, I served plaintiff with Defendant's Motion to Compel by mailing it to the following address:

Maria V. Carmona
8306 Haven Hill Court
Laurel, MD 20723

/s/ Harry B. Roback_____
Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA V. CARMONA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civ. A. No. 07-968 (JR) |
| ) | Civ. A. No. 07-969 (JR) |
| ) | |
| **HENRY M. PAULSON, JR.,** ) | |
| **SECRETARY OF THE TREASURY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion to Compel, it is hereby

ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Maria Carmona shall respond to Defendant's First Set of Interrogatories and Defendant's First Set of Document Requests within five days of this Order.

Plaintiff is further advised that her failure to comply with this Order may be grounds for dismissing Civil Action Nos. 07-968 and 07-969.

SO ORDERED.


Date: _____                              _____
                                                                        United States District Court Judge



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 8, 2008

**BY FEDERAL EXPRESS**
Maria V. Carmona
8306 Haven Hill Court
Laurel, MD 20723

      **RE: *Carmona v. Paulson*, Civil A. Nos. 07-968, 07-969 (D.D.C.) (JR)**

Dear Mrs. Carmona,

    We are writing in regards to the document requests and interrogatories that the Defendant in the above-captioned cases sent to you on July 1, 2008. Pursuant to the Federal Rules of Civil Procedure, you had thirty days to respond to the Defendant's written discovery requests (plus an additional three days because they were sent by mail). This means that you should have responded to the Defendant's discovery requests by August 4, 2008. However, you did not respond to the requests by that date or seek an extension of time to do so. I called you on August 7, 2008 and today to determine whether you intend to respond to the discovery requests propounded by the Defendant. I left you voice messages, but you have not returned my calls.

    We are writing this letter in an effort to avoid having to bring this matter to the Court's attention. Please call me at 202-616-5309 by August 14 (i.e., next Thursday) to discuss this matter. If we do not hear from you, we will have no choice but to file a motion to compel your responses to the Defendant's discovery requests with the Court.

    I sincerely hope that we can resolve this matter without Court intervention.

                                              Sincerely,

                                              Jeffrey A. Taylor
                                              United States Attorney

                        By   _____

                                              Harry B. Roback
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CAROMONA )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HENRY PAULSON, SECRETARY OF )<br>THE DEPARTMENT OF THE )<br>TREASURY )<br>)<br>    Defendant. )<br>) | Civil Action No. 07-968 (JR)<br>Civil Action No. 07-969 (JR) |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF MARIA V. CARMONA**

Pursuant to Federal Rule of Civil Procedure 33, the Secretary of the Department of Treasury requests that plaintiff Maria Carmona, within 30 days of service, answer separately and fully in writing, under oath, each of the interrogatories set forth below. In answering these interrogatories, please furnish all information that is available, including, but not limited to, information in the possession of your principals, agents, attorney(s), accountant(s), doctor(s) and not merely information known to the personal knowledge of the person(s) preparing the answers.

**Definitions**

1. You" and "yours" refer to plaintiff Maria Carmona.

2. "Defendant" refers to the Secretary of the Department of the Treasury.

3. The "Complaint" refers to the complaints filed by you in these civil action.

4. "Person" includes any individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State.

5.      "Identify," when used in reference to a natural person, means to state his or her name, present or last known address, present or last know phone number(s), present or last known employer, and position or job title at time of employment.

6.      "Identify," when used in reference to an employer or any entity other than a natural person, means to state the name and present or last known address of the corporation, partnership, proprietorship, association, or other organization to be identified.

7.      "Identify," when used in reference to a position for which applied or in which you expressed an interest, means to state the job title and location of the position, the date on which applied or expressed such interest and the person to whom you directed the application or expression of interest.

## Instructions

1.      These requests are deemed to be continuing and require supplemental answers pursuant to Rule 26(e) of the Federal Rules of Civil Procedure if you obtain further information between the time answers are served and the time of trial.

2.      As used herein, the singular shall include the plural, and vice versa.

3.      The use of the words "and" and "or" shall include "and/or."

4.      If you object to any portion of any interrogatory, identify the portion to which you object and answer the remainder.  If you are unable to answer any portion of an interrogatory, answer all portions that you are able to answer and explain the reason for your inability to answer the remainder.

## Interrogatories

1. Identify all of the individuals at the Department of Treasury who you believe discriminated against you based on your age, gender, national origin, or prior EEO activity.

2. Identify all of the employees at the Department of Treasury who you believe were treated more favorably than you because of your age, gender, national origin, or prior EEO activity.

3. Identify all of the individuals who have knowledge of the facts on which you based your claim that the Department of Treasury discriminated against you on the basis of your age, national origin, gender, and prior EEO activity.

4. Set forth the specific calculations for your request for $120,000,000 in compensatory damages and explain how you determined that amount to be your compensatory damages in these cases.

5. Have you been treated by a psychologist, psychiatrist, or other mental health care professional at any time from 1991 to the present. If yes, identify the mental health care professional(s), the diagnosis given to you, the date of diagnosis, the treatment, including medication, and each date on which you sought and received treatment.

6. Explain when and how you first became aware that the Department of Treasury was treating you differently because of your national origin.

7. Explain when and how you first became aware that the Department of Treasury was treating you differently because of your age.

8. Explain when and how you first became aware that the Department of Treasury was treating you differently because of your gender.

9. Identify the instances in which you believe that the Department of Treasury retaliated against you based on your EEO activity.

10. Explain why you believe that you are qualified for a GS-14 or GS-15 level position at the Department of Treasury.

11. Identify all of the instances in which you have received an award or bonus while working at the Department of Treasury.

12. Identify any physical harm to you that you allege was caused by the Department of Treasury.

13. Explain when and how you first learned about the Department of Treasury's administrative process for handling complaints of discrimination.

14. Explain in detail your involvement in the Department of Treasury's administrative process for handling complaints of discrimination prior to 1995.

15. Explain in detail why you believe that the Department of Treasury discriminated against you because of your age.

16. Explain in detail why you believe that the Department of Treasury discriminated against you based on your national origin.

17. Explain in detail why you believe that the Department of Treasury discriminated against you on the basis of your sex.

18. Explain in detail why you believe that the Department of Treasury discriminated against you on the basis of your prior EEO activity.

          Respectfully submitted,

          _____/s/_____
          JEFFREY A. TAYLOR , D.C. Bar # 498610

                                        United States Attorney

                                        /s/
                                      RUDOLPH CONTRERAS, D.C. Bar # 434122
                                      Assistant United States Attorney

                                        /s/
                                      HARRY B. ROBACK, D.C. Bar # 485145
                                      Assistant United States Attorney
                                      United States Attorneys Office
                                      555 4th Street, N.W.
                                      Washington, D.C. 20530
                                      Tel: 202-616-5309
July 1, 2008                          harry.roback@usdoj.gov

**CERTIFICATE OF SERVIC**E

     I hereby certify that on July 1, 2008, I served plaintiff with Defendant's First Set of Requests for Production of Documents and First Set of Interrogatories by mailing it to the following address:

    Maria V. Carmona
    8306 Haven Hill Court
    Laurel, MD 20723

                          /s/ Harry B. Roback
                          Harry B. Roback

**CERTIFICATE OF SERVIC**E

     I hereby certify that on July 14, 2008, I served plaintiff with a second copy of Defendant's First Set of Requests for Production of Documents and First Set of Interrogatories by mailing it to the following address:

    Maria V. Carmona
    P.O. Box 454
    Fulton, Maryland  20759-0454

                              /s/ Harry B. Roback
                              Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA CAROMONA | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-968 (JR) |
| | ) | Civil Action No. 07-969 (JR) |
| HENRY PAULSON, SECRETARY OF THE DEPARTMENT OF THE TREASURY | ) ) ) | |
| | ) | |
|     Defendant. | ) ) | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF MARIA V. CARMONA**

Pursuant to Federal Rule of Civil Procedure 34, the Secretary of the Department of Transportation hereby requests that within 30 days, plaintiff Maria Carmona produce the following documents at the office of the undersigned counsel for Defendant.

**Definitions**

1. "Document" shall include every writing or record of whatsoever type or kind, but not limited to, memoranda, emails, notes, correspondence, diaries, manuals, forms, reports, charts, tabulations, drawings, graphs, purchase orders, invoices, brochures, pamphlets, circulars, photographs, microfilm, phonorecords, audiotapes, videotapes, computer printouts or other computer documentation, discs, tapes and any and all other forms of data compilations from which information can be obtained, and shall also include every copy of a document that, because of handwritten notes or for other reasons, does not identically duplicate every other copy.

2. "Defendant" refers to the Secretary of the Department of Treasury.

3. The "Complaint" refers to the complaints filed by you in these civil actions.

4. "Person" includes any individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State.

**Instructions**

1. You are to produce all responsive documents in your possession, custody or control. The phrase "possession, custody, or control" applies to:

   a) a document in your physical custody;

   b) a document that you own in whole or in part;

   c) a document that you have a right by contract, statute, or otherwise to use, inspect, examine, or copy at any time, including but not limited to documents held or maintained by your legal counsel or physician (including psychologist and psychiatrist);

   d) a document for which you have an understanding (express or implied) that you may use, inspect, examine, or copy on any terms; and/or

   e) a document that you have, as a practical matter, the ability to use, inspect, examine, or copy.

2. These requests are deemed to be continuing and require supplemental production pursuant to Rule 26(e) of the Federal Rules of Civil Procedure if you obtain further documents between the time answers are served and the time of trial.

3. The use of the words, "and" and "or" shall include "and/or."

4. If you object to any portion of any document request, identify the portion to which you object and produce documents responsive to the remainder.

5. To the extent that any document falling within the scope of this Request is not

produced because of a claim of privilege, state the basis of the claim and identify the document by date, author, addressee, a general description of the subject matter, and the current custodian of the document.

**Documents To Be Produced**

1. All documents that reflect, refer or relate to your employment at the Department of Treasury, including without limitation documents that reflect, refer or relate to your job duties; your job performance; your compensation; the terms and conditions of your employment; any bonuses or awards that you have received; and any and all promotions that you have received or applied for that you did not receive.

2. All documents that reflect your qualifications for promotion at the Department of Treasury from 1991 to the present.

3. All documents that reflect, refer or relate to your allegations in the Complaint that the Department of Treasury discriminated against you on the basis of your race, age, gender, or national origin, including all documents that relate to your allegations that the Department of Treasury retaliated against you for engaging in protected activity.

4. All audio, visual or other recordings (including handwritten notes) of any statements or communications by and/or with Department of Treasury employees regarding the allegations in the Complaint.

5. All documents that reflect or relate to your applications and qualifications for positions at the Department of Treasury from 1991 to the present, including all positions identified in your Complaint.

6. All calendars or diaries that you maintained for any period from 1991 until the

3

present.

7. All documents that reflect, refer or relate to your demands for compensatory damages.

8. All of your federal and state income tax returns and W-2 forms for each year from 1991 through the present.

9. All documents that relate to any reassignment of job responsibilities, positions, or office locations from 1991 to the present.

10. All documents that relate to your allegations in the Complaint that the Department of Treasury subjected you to a hostile work environment.

11. All documents that relate to the 1989 study referenced in your Complaint regarding the Department of Treasury's treatment of minority employees.

12. All documents that relate to your allegation in the Complaint that the Department of Treasury has subjected you to a pattern and practice of discriminatory treatment.

13. All documents that relate to the assignment of you or any other Treasury Department employee to a detail assignment.

14. All documents that relate to your allegation in the Complain that the Treasury Department denied you an award in July 1994.

15. All documents that relate to the OIG Management Conference in September 1995.

                                              Respectfully submitted,

                                              /s/
                                        JEFFREY A. TAYLOR , D.C. Bar # 498610
                                        United States Attorney

|  | /s/ |
|---|---|
|  | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
|  | Assistant United States Attorney |

|  | /s/ |
|---|---|
|  | HARRY B. ROBACK, D.C. Bar # 485145 |
|  | Assistant United States Attorney |
|  | United States Attorneys Office |
|  | 555 4th Street, N.W. |
|  | Washington, D.C. 20530 |
|  | Tel: 202-616-5309 |
| July 1, 2008 | harry.roback@usdoj.gov |